MASON P. THOMAS, PETITIONER, v. JAMES A. BAKER, PAUL W. BAKER, ETHEL V. BAKER, DOROTHY B. BILLINGS, JANE GRIMES THOMAS, J. C. GREGSON AND NYDIA H. BRAY, RESPONDENTS.

(Filed 8 October, 1947.)

**Corporations § 5b—**

> Where, in a summary proceeding under G. S., 55-114, the court enters judgment continuing corporate officers in their respective offices, such order necessarily carries with it authorization and direction that they should continue to exercise the same functions and receive the same emoluments as prior to controversy, but the corporation as such is not a proper party and the jurisdiction of the Superior Court to grant relief against the wrongful interference with the officers in the performance of their duties or the wrongful refusal of an officer to perform the duties of his office cannot be invoked in such proceeding.

APPEAL by petitioner from *Williams, J.,* at Chambers in Sanford, N. C., 20 May, 1947, CHATHAM.

Proceeding under G. S. 55-114 here on appeal at the Spring Term 1947, *Thomas v. Baker,* 227 N. C., 226. When it came on for judgment on the opinion certified from this Court, petitioner tendered judgment including a finding "that the services of counsel and auditors are reasonably necessary to the proper and normal operation of the business of the Hadley-Peoples Manufacturing Company"; that petitioner, acting under the authority vested in him, has employed counsel and auditors who have not been paid for their services, and petitioner has not received the salary due him; and adjudicating in part the authority of the president, particularly in respect to his power to employ counsel, auditors, and other personnel, and to direct the disposition of corporate funds in discharge of obligations incurred in the normal and regular operation and management of the corporation business.

The court declined to sign the tendered judgment. It instead entered judgment modifying the former judgment of the Superior Court in accord with the opinion of this Court. Petitioner excepted and appealed.

*Brooks, McLendon, Brim & Holderness for appellant petitioner.*
*Tillett & Campbell for respondent appellee.*

BARNHILL, J. When for any cause there is a dispute with reference to the election of officers or directors of a corporation which threatens the orderly operation of the corporate affairs, G. S. 55-114 makes provision for a summary proceeding to avoid temporary corporate paralysis. When its provisions are invoked, the court's jurisdiction is confined within a very narrow compass. It may (1) order a new election, or (2) declare the result of an election already had, or (3) "continue the directors or officers, as the case may be, until a new election shall be held."

The corporation as such is not a proper party and the court has no authority to enter any order or decree concerning any of the internal affairs of the corporation or directing the manner in which it shall function. *Thomas v. Baker,* 227 N. C., 226.

Pending settlement of the controversy the court may continue the present officers in their respective offices. This it has done. And this "necessarily carries with it authorization and direction that they should continue to exercise the same functions and receive the same emoluments which pertained to their respective offices immediately prior to the controversy which resulted in the stalemate." *Thomas v. Baker, supra.* But it may not spell out those duties or direct the manner of their performance. The court, for the time being, provides the official family; the pertinent statutes, corporate charter, bylaws, and minutes define the authority to be exercised by each member thereof.

If the defendant Baker is wrongfully interfering with the officers in the discharge of their duties, or the treasurer refuses to perform his duties as such, as alleged by petitioner, the Superior Court has full power, in a proper action, to grant adequate relief. But here, in this proceeding, the court has gone as far as the statute permits.

The judgment below is

Affirmed.